**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

CHRISTINE MOYES,

    Plaintiff,

vs.                                                     Case No. 4:09-CV-334-SPM/WCS

KEISER SCHOOL INC,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO STRIKE**

THIS CAUSE comes before the Court on the Defendant's Motion to Strike Documents filed in Opposition to the Motion for Summary Judgment (doc. 71) and Plaintiff's Response in Opposition (doc. 73). For the reasons expressed herein, the Motion to Strike will be granted in part and denied in part.

Defendant first seeks to strike Section III(C) of the Plaintiff's Response in Opposition (doc. 69) to the Defendant's Motion for Summary Judgment (doc. 55), which raises a record of impairment argument against summary judgment. As the Plaintiff concedes that the section should be stricken, the Defendant's Motion to Strike will be granted as to this passage.

Defendant also seeks to strike documents which were not produced, and affidavits of witnesses who were not identified in discovery. Plaintiff states that

these witnesses, affidavits, and documents were not included in the discovery responses and disclosures due to inadvertence or the Plaintiff's own late discovery of the evidence, that the Defendant was aware of Plaintiff's intention to call the witnesses by way of prior cases, and that these witnesses are important to the Plaintiff's presentation of her case alleging discrimination.

Federal Rule of Civil Procedure 37(c) provides that a party failing to provide information in discovery is not allowed to use that information "unless the failure was substantially justified or is harmless." In the Eleventh Circuit, when deciding whether to exclude a non-disclosed witness, the court should consider three factors: "'(1) the importance of the testimony, (2) the reasons for the [] failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness [is] allowed to testify.'" Cooley v. Great Southern Wood Preserving, 138 Fed.Appx. 149, 161 (11th Cir. 2005) (quoting Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1353 (11th Cir. 2004)).

Upon consideration of these factors, the Court concludes that, as the Defendant has been aware of the evidence and witnesses sufficiently before trial, and as these witnesses are important in the presentation of the Plaintiff's case, they should not be stricken on account of Plaintiff's inadvertence.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Defendant's Motion to Strike (doc. 71) is GRANTED as to Section III(C) of the Plaintiff's Response in Opposition to the Motion for

Summary Judgment.

2. In all other respects, the Defendant's Motion to Strike (doc. 71) is DENIED.

3. To the extent that Defendant shall require additional discovery, including via deposition, in preparation for trial, regarding the evidence and witnesses at issue in the Motion to Strike, Defendant should file a motion for the Court's consideration.

DONE AND ORDERED this <u>tenth</u> day of September, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge